# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.     EDCV 15-00051-BRO (KK)                     Date: January 14, 2015
                                                        Page 1 of 3

Title:       Curtis D. Thomas v. Sandra Pennywell-Alfaro

DOCKET ENTRY:     **ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED AS SECOND OR SUCCESSIVE**

PRESENT:

**HONORABLE KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE**

| Deb Taylor | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:          ATTORNEYS PRESENT FOR RESPONDENT:

None Present                                None Present

**PROCEEDINGS: (IN CHAMBERS)**

On January 9, 2015, Curtis D. Thomas ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") in this Court, pursuant to 28 U.S.C. § 2254. However, the Court appears to lack subject-matter jurisdiction over the Petition because it is a "second or successive" petition and Petitioner does not appear to have obtained an order from the U.S. Court of Appeals for the Ninth Circuit authorizing this Court to consider it. See 28 U.S.C. § 2244(b)(3)(A).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). AEDPA provides that a claim presented in a "second or successive" federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of
> constitutional law, made retroactive to cases on collateral
> review by the Supreme Court, that was previously

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | CV 15-00051-BRO (KK) | Date: January 14, 2015 |
| | | Page 2 of 3 |

Title: <u>Curtis D. Thomas v. Sandra Pennywell-Alfaro</u>

> unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B). Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Here, the instant Petition is "second or successive" because it challenges the same 2002 sentence that Petitioner challenged in a prior unsuccessful federal habeas petition filed on April 20, 2006, in *Curtis Douglas Thomas v. L.E. Schribner*, Case No. CV 06-00419-AHM-RCF. <u>See</u>, e.g., <u>Burton v. Stewart</u>, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (holding that a petition was successive because it challenged "the same custody imposed by the same judgment of a state court" as a prior petition).

Thus, for the Court to consider the Petition, Petitioner must have obtained leave to file the Petition from the U.S. Court of Appeals for the Ninth Circuit. <u>See</u> 28 U.S.C. § 2244(b)(3)(A); <u>Burton v. Stewart</u>, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals *before* filing a second habeas petition). There is no indication that Petitioner has obtained such leave from the Ninth Circuit. It therefore appears that the Court is without jurisdiction to entertain the instant Petition under 28 U.S.C. § 2244(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.     CV 15-00051-BRO (KK)                    Date: January 14, 2015
                                                    Page 3 of 3

Title:       Curtis D. Thomas v. Sandra Pennywell-Alfaro

     Accordingly, Petitioner is **ORDERED TO SHOW CAUSE,** within **fourteen (14) days** of the date of this Order**,** why the instant Petition should not be dismissed as second or successive.  Specifically, Petitioner must submit to the Court documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed a motion in the Ninth Circuit for an order authorizing the district court to consider the Petition, and that the Ninth Circuit issued such an order.

     **Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience.**

     **If Petitioner fails to timely respond to this Order, or fails to show that he has obtained authorization to file the instant Petition, the Court will issue a recommendation that the instant Petition be dismissed without prejudice.**  See Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029-30 (C.D. Cal. 2003) (dismissing successive petition without prejudice to petitioner's right to seek authorization from the Ninth Circuit).

     The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.