1

2

3  O

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11 | CURTIS D. THOMAS,                ) Case No. EDCV 15-0051-BRO (KK)
                                    )
12 |                Petitioner,     )
                                    ) ORDER RE SUMMARY DISMISSAL
13 |        v.                       ) OF ACTION
                                    )
14 | SANDRA PENNYWELL-              )
    ALFARO,                          )
15 |                                 )
                   Respondent.      )
16 |

17

**I.**

18

**PROCEDURAL HISTORY**

19

On January 9, 2015, Petitioner Curtis D. Thomas ("Petitioner"), proceeding

20 | pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody

21 | ("Petition") in this Court, pursuant to 28 U.S.C. § 2254.  In the Petition, Petitioner

22 | challenges the sentence imposed for two convictions in Riverside County Superior

23 | Court on July 7, 2002, for the following offenses: (1) one count of attempted

24 | robbery, in violation of California Penal Code sections 664 and 212.5; and (2) one

25 | count of petty theft with a prior conviction, in violation of California Penal Code

26

27

28

1

1  section 666.  Pet. at 2.[1]  Petitioner raises two claims: (1) breach of an executed plea

2  agreement, in violation of his due process rights; and (2) ineffective assistance of

3  appellate counsel, in violation of his due process rights.  Id. at 11.

4       Petitioner previously challenged his 2002 conviction and sentence in a prior

5  unsuccessful federal habeas petition filed in this Court on April 20, 2006, in Curtis

6  Douglas Thomas v. L.E. Schribner, Case No. CV 06-00419-AHM-RCF.  Hence,

7  on January 14, 2015, the Court issued an Order to Show Cause Why The Petition

8  Should Not be Dismissed as Second or Successive ("OSC").  (Dkt. 4).  Petitioner

9  has failed to submit a timely response to the Court's OSC.  The matter thus stands

10  submitted and ready for decision.

**II.**

**DISCUSSION**

13       The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

14  applies to the instant Petition because Petitioner filed it after AEDPA's effective

15  date of April 24, 1996.  Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 138

16  L. Ed. 2d 481 (1997).  AEDPA provides that a claim presented in a "second or

17  successive" federal habeas petition that was not presented in a prior petition shall

18  be dismissed unless:

19            (A) the applicant shows that the claim relies on a new

20            rule of constitutional law, made retroactive to cases on

21            collateral review by the Supreme Court, that was

22            previously unavailable; or

23            (B)(i) the factual predicate for the claim could not have

24            been discovered previously through the exercise of due

---

26  [1] The Petition consists of a form Petition For Writ of Habeas Corpus By A
Person in State Custody (CV-69), with additional pages attached to the form.  The
27  Court's paginated references to the Petition reflect the page numbers displayed at the
28  top of each page on CM-ECF.

1      diligence; and

2              (ii) the facts underlying the claim, if proven and viewed

3              in light of the evidence as a whole, would be sufficient to

4              establish by clear and convincing evidence that, but for

5              constitutional error, no reasonable factfinder would have

6              found the applicant guilty of the underlying offense.

7    28 U.S.C. §§ 2244(b)(2)(A), (B).  A second or subsequent habeas petition is not

8    considered "successive" if the initial habeas petition was dismissed for a technical

9    or procedural reason, rather than on the merits.  See Slack v. McDaniel, 529 U.S.

10   473, 485-87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

11           "Before a second or successive application permitted by this section is filed

12   in the district court, the applicant shall move in the appropriate court of appeals for

13   an order authorizing the district court to consider the application."  28 U.S.C. §

14   2244(b)(3)(A).  Such permission will be granted only if "the application makes a

15   prima facie showing that the application satisfies the requirements of [Section

16   2244(b)]."  See id.  Furthermore, Ninth Circuit Rule 22-3(a) provides that "[i]f a

17   second or successive petition or motion, or an application for authorization to file

18   such a petition or motion, is mistakenly submitted to the district court, the district

19   court shall refer it to the court of appeals."

20           Here, the instant Petition is "second or successive" because it challenges the

21   same 2002 state court judgment that Petitioner challenged in a prior unsuccessful

22   federal habeas petition filed in this Court on April 20, 2006, in Curtis Douglas

23   Thomas v. L.E. Schribner, Case No. CV 06-00419-AHM-RCF.  See Burton v.

24   Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (holding that

25   a petition was successive because it challenged "the same custody imposed by the

26   same judgment of a state court" as a prior petition).  Petitioner's 2006 petition was

27   denied on its merits and does not appear to have raised either of the claims

28   presented in the instant Petition.  Consequently, the instant Petition is "second or

1 | successive" for purposes of 28 U.S.C. § 2244(b).  See Slack, 529 U.S. at 485-87.

2 |      Thus, for the Court to consider the Petition, Petitioner must have obtained

3 | leave to file the Petition from the U.S. Court of Appeals for the Ninth Circuit.  See

4 | 28 U.S.C. § 2244(b)(3)(A); Burton, 549 U.S. at 153 (AEDPA requires petitioner to

5 | receive authorization from the Court of Appeals *before* filing a second habeas

6 | petition).  There is no indication Petitioner has obtained such leave from the Ninth

7 | Circuit.  The Court is therefore without jurisdiction to entertain the instant Petition

8 | under 28 U.S.C. § 2244(b).

9 |      IT THEREFORE IS ORDERED that this action be summarily dismissed

10 | without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases

11 | in the United States District Courts.  The Clerk of the Court is directed to refer the

12 | Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

13 |      IT IS FURTHER ORDERED THAT JUDGMENT BE ENTERED

14 | ACCORDINGLY.

16 | DATED:    February 12, 2015

HON. BEVERLY REID O'CONNELL
UNITED STATES DISTRICT JUDGE

Presented by:

Kenly Kiya Kato
United States Magistrate Judge

4